UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON REXROAT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00280-JPH-MJD |
| ) | |
| RICHARD BROWN, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Order Granting Motion for Leave to Proceed *in Forma Pauperis*,
Screening and Dismissing Petition for a Writ of Habeas Corpus
and Directing Petitioner to Show Cause**

Indiana Department of Correction (IDOC) inmate Brandon Rexroat petitions for a writ of habeas corpus to vacate a prison disciplinary code conviction he received for an assault in case number WVE 19-05-0008 on January 30, 2020. Dkt. 2. The Court makes the following rulings.

**I. Motion for Leave to Proceed *in Forma Pauperis***

Mr. Rexroat's motion for leave to proceed *in forma pauperis*, dkt. [3], is **granted**.

**II.  Preliminary Consideration of the Petition**

In his petition, Mr. Rexroat asserts that he was sanctioned with disciplinary segregation, the loss of earned credit time, a reduction in credit-earning class, and restitution of $228,325. Dkt. 2. But when he appealed his conviction to the Warden, all of the sanctions except restitution were vacated, and the restitution was modified to $100. *Id.* An appeal to the IDOC Final Reviewing Authority resulted in upholding the Warden's decision. *Id.* Mr. Rexroat acknowledges that the only remaining sanction from this disciplinary action is the $100 restitution order, but he nevertheless wants the conviction itself reversed and the sanction vacated. *Id.* The Court does not have jurisdiction to consider Mr. Rexroat's claims and must dismiss the petition.

1

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review of the habeas corpus petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Mr. Rexroat is not entitled to relief because "in all habeas corpus proceedings under 28 U.S.C. § 2254, [a] petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

The $100 sanction does not concern the fact or duration of Mr. Rexroat's confinement. His *term of confinement* is unaffected by the disciplinary conviction. Therefore Mr. Rexroat is not "in custody" pursuant to the disciplinary conviction, and this Court has no jurisdiction to review any aspect of the disciplinary process. When no sanction that affects the custody of the petitioner is imposed, prison disciplinary officials are "free to use any procedures [they choose], or no procedures at all." *Id.* at 644.

Pursuant to Rule 4, Mr. Rexroat's June 1, 2020, petition for a writ of habeas corpus is **dismissed**.

### III. Show Cause

Mr. Rexroat shall have through **July 2, 2020**, to show cause why his petition should not have been dismissed and instead allowed to proceed. Should Mr. Rexroat be unable to show cause or he does not timely respond to the opportunity to show cause, final judgment will be entered without further notice.

**SO ORDERED**.

Date: 6/9/2020

                                        _James Patrick Hanlon_
                                        James Patrick Hanlon
                                        United States District Judge
                                        Southern District of Indiana

Distribution:

Brandon Rexroat
121033
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only