UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON REXROAT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00280-JPH-MJD |
| | ) |
| RICHARD BROWN, Superintendent, | ) |
| | ) |
| Respondent. | ) |

**Order Dismissing Action
and Directing Entry of Final Judgment**

On June 1, 2020, Indiana Department of Correction (IDOC) inmate Brandon Rexroat petitioned for a writ of habeas corpus to vacate a prison disciplinary code conviction he received for an assault in disciplinary case number WVE 19-05-0008 on January 30, 2020. Dkt. 2. On initial review conducted pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court noted that the IDOC sanctions imposed in the disciplinary matter had been vacated except for a $100 fine. Dkt. 6. Because Mr. Rexroat could not meet the custody requirement of 28 U.S.C. § 2254(a), the Court dismissed the petition for lack of jurisdiction and ordered Mr. Rexroat to show cause why final judgment should not enter. *Id.*

Mr. Rexroat responded and acknowledged that his disciplinary sanctions had been vacated except for a fine. Dkt. 7. However, he argues, the very fact of the conviction has placed him in segregation where he is unable to complete programs that could allow for an earlier release. *Id.* at 1. Mr. Rexroat also argues that because of the nature of the disciplinary code violation (assault), he has become ineligible to have lost earned credit time restored. *Id.* Finally, he argues, because of this conviction he is less likely to obtain a sentence modification from the sentencing court. *Id.* at 2.

1

The Court is not unsympathetic to these arguments and understands how a simple non-grievous sanction could result in a decision extending an inmate's incarceration. However, each of the circumstances Mr. Rexroat describes that could or are likely to extend the length of his custody is a collateral effect, not a direct effect, of his disciplinary conviction.

In a case concerning a criminal conviction, a collateral consequence that possibly extends the length of incarceration is sufficient to confer habeas corpus jurisdiction on a federal court. *See Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998); *Lane v. Williams*, 455 U.S. 624 (1982); *Tara Gold Res. Corp. v. S.E.C.*, 678 F.3d 557, 559 (7th Cir. 2012). But the same principle does not apply to prison discipline cases. *Powell v. Galipeau*, 808 F. App'x 386, 387-88 (7th Cir. 2020) (citing *Spender*, 523 U.S. at 7-16; *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) (collecting cases)).

The law is well-settled that potential collateral consequences are, as a general rule, simply too speculative to meet the custody requirement for habeas corpus actions. *Eichwedel*, 700 F.3d at 278; *see also Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (discussing 28 U.S.C. § 2254 custody requirement). These authorities unambiguously hold that this Court has no jurisdiction to consider Mr. Rexroat's petition challenging prison disciplinary case number WVE 19-05-0008.

Therefore, this action is **dismissed**. Final judgment consistent with this Order shall now enter.

**SO ORDERED**.

Date: 10/9/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Brandon Rexroat
121033
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only